## LATHROP v. DUNLOP.

*Will — marriage revokes will of woman notwithstanding ante-nuptial agreement.*

A woman executed her will and subsequently married. She, however, made an ante-nuptial agreement, whereby she retained, after marriage, full control of her property. *Held*, that the marriage effected a revocation of the will under 2 R. S. 64, § 39.

APPEAL by Janet A. Lathrop, executrix of and devisee under the last will and testament of Jessie Dunlop Empson, deceased, from a decree of the surrogate of Albany county refusing to admit such will to probate. The respondents who opposed the admission to probate are Robert Dunlop and others, heirs at law and next of kin of the deceased. Sufficient facts appear in the opinion.

*Stedman & Shepard*, for appellant.

*Amasa J. Parker*, for respondents.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. Jessie A. Dunlop, a resident of this State, duly executed her will. Subsequently, in Canada, she entered into an

Lathrop v. Dunlop.

ante-nuptial agreement, by the terms of which she retained full control of her own property. A few days afterward she married, and about two months after her marriage she died. Her marriage and death occurred in the year 1874, and she was a resident of this State until after her will was executed.

Her will was presented for probate, and probate was refused on the ground of her subsequent marriage. From the refusal an appeal is taken. The question involved is understood to have been decided by this court. As the case is not reported, we state briefly our views.

The statute is plain and peremptory. Such a will "shall be deemed revoked." 2 R. S. 64, § 39. The appellants urge that, as the expression is not "revoked," but "deemed to be revoked," it should be construed to mean only a presumptive revocation, open to explanation. We think not.

The language is accurate. *Revocation* is an act done by the *party,* by which he recalls his will. The statute, therefore, with propriety, says, not that the marriage revokes, but that it is to be deemed or considered the same as a revocation. It is not a revocation, but it has the effect of a revocation. The statute does not say that marriage shall be deemed a presumptive revocation, but positively it shall be deemed a revocation. The language is positive.

And it is well to have a definite rule on such a point, and not to leave the matter open to the *guesses* of courts, whether in each particular case the person intended or did not intend to leave her will in force. The reason of the law is plain ; that marriage produces such new relationship that a will made before marriage will not, as a general rule, express the wishes of the woman after her marriage.

We see nothing in the so-called married woman's acts which should modify this statute. The fact that a married woman now has power to make a will does not affect the reason of the law, which is mentioned above. To illustrate this, the previous sections of the statute declare that in certain cases the marriage of a man and birth of children shall be deemed a revocation of his will.

This is not because he had not the testamentary power, but because, as a general rule, the change of circumstances prevents his will, made previously, from expressing his wishes.

The same may be said as to the ante-nuptial agreement. In

substance, this gave to the deceased the same rights which married women have now, under the laws of this State. It gave her, or purported to give, the power to dispose of her property after marriage. But she did not exercise that power. And it is further important to notice that even if, as the appellants claim, marriage were only a presumptive revocation, there was no act of the deceased, after such revocation, tending to rebut the presumption.

As the marriage, according to the appellant's views, is to be presumed to be a revocation, and as that is the last act of the deceased affecting this subject, there is nothing to overthrow the presumption.

The decree should be affirmed, with costs against the appellant.

*Decree affirmed.*